UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO.: 8:13-cr-237-T-23TBM

DUANE CRITHFIELD
STEPHEN DONALDSON, SR.
_____________________________________/

**ORDER**

The superseding indictment (Doc. 47) alleges that through several businesses the defendants "promoted, marketed, and implemented a fraudulent offshore tax strategy" that "enabled the defendants' affluent clients to claim business expense deductions based on sham 'insurance premium' payments," which "were not based on actual business risks but rather on . . . reducing business income for tax purposes." The superseding indictment further alleges that the defendants' customers who implemented the strategy received in tax benefits the return of "approximately 83–85% of the premium" paid for the putative insurance. Paragraphs 9 and 10 of the superseding indictment allege (1) that a "prominent law firm" issued an "opinion letter" affirming the lawfulness and effectiveness of the strategy but that the law firm later withdrew the letter "upon learning that the promoters had misrepresented material facts" and (2) that the defendants continued "to promote, market, and

implement the . . . strategy contrary to the limits of a follow-on opinion letter from a different law firm."

James Duggan is the attorney who authored the sixty-six-page "follow-on" opinion. The defendants move (Doc. 125) for the court to grant Duggan use immunity to testify about the "follow-on" opinion. Explaining (but not resolving) this dispute, an earlier order states:

> [T]he defendants urge that the United States impedes the defendants' mustering an informed defense by declining to disavow formally any intent to pursue criminally the lawyers who wrote the opinion letter, although the United States has disavowed any intent to challenge in this criminal prosecution the bona fides of the opinion letter. The United States' declination to comfort the lawyers who wrote the opinion letter results reportedly in the defendants' attempting to muster a defense without the cooperation of their former lawyers, who retain a sense of vulnerability to the same or a derivative charge of criminality and who remain absent and silent, reportedly for that reason.

(Doc. 89 at 3–4)

## DISCUSSION

The United States correctly argues that the Eleventh Circuit recognizes no exception to the rule forbidding court-imposed use immunity. *United States v. Merrill*, 685 F.3d 1002, 1015 (11th Cir. 2012), clarifies the Circuit's approach. While addressing *United States v. Straub*, 538 F.3d 1147, 1166 (9th Cir. 2008), which announces exceptions to the general rule forbidding court-imposed use immunity, *Merrill*, 685 F.3d at 1015, states, "[The defendant]'s argument [from *Straub*] is

foreclosed by our precedent. We have held that 'federal courts . . . have no authority to grant witnesses . . . use immunity. Congress has placed the power to grant use immunity exclusively in the Executive Branch.'" (quoting *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1017 (11th Cir. 1993)[1]); *accord United States v. D'Apice*, 664 F.2d 75, 77 (5th Cir. 1981) ("[T]he district court ha[s] no independent authority to bestow use immunity . . . . This circuit has never upheld a grant of judicial use immunity and has often rejected the claim that such immunity was required in a given case. . . . [T]he decision to confer witness immunity is for the executive branch and not the judiciary.").

The defendants cite no Eleventh Circuit precedent that recognizes an exception to the rule affirmed in *Merrill*, *Williams*, *D'Apice*, and elsewhere. Instead, the defendants cite only non-binding precedent, almost all of which is outside the Eleventh Circuit. For example, one opinion cited by the defendants explains two exceptions that some courts have created:

> [T]wo theories have emerged under which defendants would be entitled to a grant of immunity for prospective witnesses. The first theory, accepted in only a small minority of cases, can be labeled the "effective defense" theory; it holds that a court has the inherent power to immunize witnesses whose testimony is essential to an effective defense. The second theory, accepted by a number of circuits, can be called the "prosecutorial misconduct" theory; it holds that a court has the power to order the government to grant statutory immunity to a witness . . . where there exists prosecutorial misconduct arising from the government's deliberate intent to distort the fact-finding process.

---

[1] *Williams*, 995 F.2d at 1018, further states that "a district court . . . cannot impinge upon the authority of the Executive Branch to decide who is to be accorded use immunity."

- 3 -

*United States v. Angiulo*, 897 F.2d 1169, 1190 (1st Cir. 1990).

The Eleventh Circuit has rejected directly the first exception in *Angiulo*. *United States v. Cuthel*, 903 F.2d 1381, 1384 (11th Cir. 1990) ("[D]istrict courts may not grant immunity to a defense witness merely because that witness possesses essential exculpatory information unavailable from other sources." (internal quotation marks omitted)); *United States v. Sawyer*, 799 F.2d 1494, 1506-07 (11th Cir. 1986) (same); *United States v. Gottesman*, 724 F.2d 1517, 1524 (11th Cir. 1984) (same), abrogated on other grounds by *Dowling v. United States*, 473 U.S. 207 (1985); *United States v. Thevis*, 665 F.2d 616, 639–40 (5th Cir. Unit B 1982) (same), superseded on other grounds by Rule 804(b)(6), Federal Rules of Evidence.  And the Eleventh Circuit rejected indirectly the second exception by declaring that *Straub*, the recent Ninth Circuit opinion that adopts the prosecutorial misconduct exception, is "foreclosed by [Eleventh Circuit] precedent." *Merrill*, 685 F.3d at 1015.

Although a district court (at least in the Eleventh Circuit) may not grant use immunity over the objection of the United States, due process might compel a dismissal or a judgment of acquittal as a matter of law if the prosecutor in an act of flagrant and prejudicial misconduct refuses to grant a witness use immunity. *United States v. Quinn*, 728 F.3d 243, 259–60 (3d Cir. 2013), explains the distinction:

> If the Government refuses to immunize the witness in violation of the defendant's due process right, the trial court can dismiss the charges against the defendant.

> Courts sometimes refer to th[e] remedy [for prosecutorial misconduct] as "compelling the Government to immunize the witness," but that is imprecise. Dismissing the charges unless the witness is immunized leaves prosecutorial decisions in the hands of the Government. It may grant immunity to the witness and attempt to convict the defendant in a fair trial, or it may decide that denying the witness immunity is more important to its goals than seeking that conviction. But the remedy does not compel the Government to do anything. It simply prevents prosecutors from obtaining a conviction through a process that lacks the fairness afforded by due process.

(citation omitted); *see also United States v. LaHue*, 261 F.3d 993, 1014 (10th Cir. 2001) ("[C]ourts have no inherent authority to grant a witness use immunity. However, . . . we le[ave] open the possibility that where the prosecutor's denial of immunity is a deliberate attempt to distort the fact finding process, a court could force the government to choose between conferring immunity or suffering an acquittal." (citations and internal quotation marks omitted)). Despite (briefly) noting this remedy (Doc. 125 at 21), the defendants request only a court-imposed grant of use immunity. The defendants' motion presents no occasion to determine the application, if any, of *Quinn* or similar precedent.

The defendants' motion (Doc. 125) for court-imposed use immunity is **DENIED**. For the reasons stated by the United States (Doc. 141 at 11–12), the defendants' motion (Doc. 125) for a bill of particulars is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on January 6, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE