UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                   CASE NO. 8:13-cr-237-T-23TBM

DUANE CRITHFIELD
STEPHEN DONALDSON, SR.
_____/

**ORDER**

The superseding indictment (Doc. 47) charges Duane Crithfield and Stephen Donaldson in Count One with a conspiracy to defraud the United States by "promot[ing], market[ing], and implement[ing] a fraudulent offshore tax strategy known as the Business Protection Plan ('BPP')." The superseding indictment alleges that the BPP offered a client a business expense deduction based on "sham insurance premiums" that paid for policies offering no real assumption of risk by the insurer and that were merely devices to evade tax. (Doc. 47 at 3, ¶ 4). Count Two alleges that Crithfield and Donaldson assisted a particular business in preparing and presenting a false and fraudulent tax return that claimed a $60,000 deduction attributable to purchases under the BPP. Count Three alleges the same offense as Count Two, except that Count Three alleges purchases under the BPP by a different business for $125,000. In sum, Count One alleges a conspiracy and Counts Two and Three allege two specific instances of clients who purchased the fraudulent insurance.

The United States and both Crithfield and Donaldson entered a plea agreement that contemplates the defendants' plea of guilty to Count Two only. After a re-arraignment (Doc. 242), the magistrate judge recommended (Docs. 238 and 239) acceptance of the pleas. The recommendation was accepted (Docs. 244 and 246) and the defendants were adjudicated guilty.

However, as the sentencings approached, the parties exchanged papers (Docs. 252 and 259) on the issue of the tax loss attributable to the offense, a calculation that depends on a determination of "relevant conduct" under the Sentencing Guidelines. The defendants contend for a loss of $4,000 and the United States contends for a loss in the neighborhood of $8 million to $13 million. In response to the United States' loss calculation, the defendants moved (Doc. 265) to enforce the plea agreement, which the defendants claim limits the loss to the defendants' gain from an improper deduction of $16,000. The United States responded (Doc. 273).

A hearing on the loss calculation and on enforcing the plea agreement occurred on February 16, 2016. The parties' briefing and argument establish that, despite the execution of a plea agreement, the parties have not agreed, that is, have no "meeting of the minds," on matters essential to the plea agreement. In short, the United States contends that the defendants agreed to plead guilty to a discrete instance of the defendants' selling the unlawful BPP but that the plea agreement permits a calculation of tax loss that includes as "relevant conduct" the entire scope

of the BPP as to all clients.  On the other hand, the defendants believe that the plea agreement — without questioning the bona fides of the BPP — was a plea to a distinctive and insular instance of the defendants' selling an insurance policy to an insured who — the defendants knew — stated falsely on the insurance application that he was not a motorcyclist, although he was in fact an avid rider of "ultra-high performance motorcycles."  Viewed differently, the United States contends the plea agreement implicates every BPP client based on the intrinsic fraudulence of the BPP but the defense contends that the bona fides of the BPP is unaffected by the plea agreement, which reaches only a single insurance coverage sold to someone engaged in an excluded and dangerous activity (with whatever consequences that might have).  The factual basis for the plea, as stated in pages 11–13 of the plea agreement, is almost entirely conclusory and is wholly insufficient to permit an informed resolution of the parties' irreconcilable contentions.

With respect to the crime to which the defendants claim to have pleaded guilty, strong doubt exists that the crime for which the defendants contend even exists.  Further, if the crime exists, strong doubt remains that these defendants committed the crime in the facts of this case.  Further, even if the crime exists and even if the defendants committed the crime, strong doubt exists that the superseding indictment charges the crime.

The United States invites a two-week sentencing hearing during which the United States will undertake to prove (by a preponderance of the evidence) both the

unlawfulness of the BPP (otherwise decided at trial by proof beyond a reasonable doubt) and the resulting tax loss, to neither of which the defendants have agreed. Hence, the plea agreement appears to represent no agreement between the parties to anything of significance — other than that each is content for the district judge to decide the things (and the effect of the things) that the parties have not decided.

For these reasons (as expounded at the February 16 hearing), the earlier acceptance (Docs. 244 and 246) of the putative plea agreements is **WITHDRAWN**, the orders of acceptance (Docs. 244 and 246) are **VACATED**, and the plea agreement is **REJECTED**.  The parties are at liberty to return to the magistrate judge for re-arrangement if the parties agree to an enforceable, valid, and mutual plea of guilty to a charged offense.  Otherwise, this action will advance to trial.

ORDERED in Tampa, Florida, on February 16, 2016.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE